SC

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Davis, | No. CV 09-0296-PHX-DGC (MEA) |
| Petitioner, | **ORDER** |
| vs. | |
| Dora Schriro, et al., | |
| Respondents. | |

Petitioner Michael Davis, who is confined in the Arizona State Prison Complex-Browning Unit, in Florence, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and an Application to Proceed *In Forma Pauperis*. (Doc.# 1, 3.) Petitioner has also filed a "Motion to Proceed in Writ of Habeas Corpus in Pro Per Status," in which Petitioner seeks an order authorizing various items to be mailed into the prison for him, and a "Motion for Production of Documents Ect [sic]." (Doc.# 4, 5.) The Court will require an answer to the Petition. Petitioner's motion for items to be mailed into the prison for him and for production of documents will be denied.

**I.     Application to Proceed *In Forma Pauperis***

Petitioner's Application to Proceed *In Forma Pauperis* indicates that his inmate trust account balance is less than $25.00. Accordingly, the Application to Proceed *In Forma Pauperis* will be granted. See LRCiv 3.5(b).

///

**TERMPSREF**

**II.     Petition**

Petitioner pleaded guilty in Maricopa County Superior Court, case CR2006-006106, to one count of fraudulent schemes and artifices, for which he received three years on probation beginning December 15, 2006.[1] On April 27, 2007, Petitioner admitted violating the terms of his probation on the charge of fraudulent schemes and artifices, as amended, and was sentenced to five years' imprisonment.[2]  In his Petition, Petitioner names Dora Schriro as Respondent and the Arizona Attorney General as an Additional Respondent.

Petitioner raises two grounds for relief.  In Ground One, Petitioner alleges that his due process rights were violated where he was not afforded an opportunity to present mitigation prior to sentencing for the probation violation.  In Ground Two, he alleges that his attorney rendered ineffective assistance in failing to inform Petitioner that he could present mitigation and for failing to present mitigation prior to sentencing.  The Court will require Respondents to answer the Petition.  28 U.S.C. § 2254(a).

**III.    Motions**

In his "Motion to Proceed in Writ of Habeas Corpus in Pro Per Status," Petitioner asks the Court to order prison officials to allow various materials to be mailed to Petitioner, which he cannot otherwise afford to purchase or that prisoners are not able to purchase from the inmate store or approved vendors.  He seeks to have paper, envelopes, stamps, folders, pen fillers, highlighters, and the like mailed to him, as well as "case law necessary to proceed." (Doc.# 4 at 2.)

An inmate retains First Amendment rights not inconsistent with his status as a prisoner or with legitimate penological objectives of the corrections system.  See Shaw v. Murphy,

---

[1] According to records available online, Petitioner also pleaded guilty to one count of criminal trespass in CR2005-126723 and one count of aggravated assault in CR200501340985 on December 15, 2006.  See http://www.courtminutes.maricopa.gov/docs/Criminal/122006/m2497892.pdf and http://www.courtminutes.maricopa.gov/docs/Criminal/122006/m2497894.pdf.  He was sentenced to concurrent one year terms in prison with 388 days presentence incarceration.  Id.

[2] See http://www.courtminutes.maricopa.gov/docs/Criminal/052007/m2657395.pdf.

1  532 U.S. 223, 231 (2001); <u>Clement v. California Dep't of Corr.</u>, 364 F.3d 1148, 1151 (9th
2  Cir. 2004). Inmates thus retain a First Amendment right to receive mail. <u>Witherow v. Paff</u>,
3  52 F.3d 264, 265 (9th Cir. 1999). Prison officials, however, may regulate the processing of
4  inmate mail so long as those regulations further an important or substantial government
5  interest other than the suppression of expression. <u>See</u> <u>Procunier v. Martinez</u>, 416 U.S. 396,
6  411-12, 413-14 (1974) (First Amendment not violated by regulation of outgoing prisoner
7  mail which furthers a substantial government interest and is no greater than necessary to
8  protect that interest), <u>overruled on other grounds</u>, <u>Thornburgh v. Abbott</u>, 490 U.S. 401,
9  412-414 (1989)).

10  Petitioner asks the Court to require prison officials to allow third parties to mail him
11  supplies and case law because he is indigent and proceeding *pro se*. Indigent *pro se* inmates
12  do not have greater rights with respect to incoming mail than non-indigent inmates. Both are
13  subject to prison regulation. <u>See</u> <u>Johnson v. Goord</u>, 445 F.3d 532, 534 (2d Cir. 2006) (*per*
14  *curiam*) ("an indigent prisoner does not have a constitutional right to unlimited free postage
15  for non-legal mail") <u>Lewis v. Sullivan</u>, 279 F.3d 526, 528 (7th Cir. 2002) (constitutional right
16  does not imply a right to a government subsidy); <u>see also</u> <u>Rodriguez v. Cook</u>, 169 F.3d 1176,
17  1179 (9th Cir. 1999) (indigent inmates are not a suspect class for equal protection purposes).
18  This motion will be denied.

19  Petitioner has also filed a motion for production of documents, which he describes as:
20  "Everything in the case file, any and all transcripts, min. entries, motions filed, answers,
21  medical reports, rule 11, medigotion [sic], plea bargains [etc.]" and to receive everything his
22  attorneys have. (Doc.# 5.) Rule 6(a) of the Rules Governing Section 2254 Cases ("Habeas
23  Rules") provides that "[a] judge may, for *good cause*, authorize a party to conduct discovery
24  under the Federal Rules of Civil Procedure, and may limit the extent of discovery." Rule
25  6(a), 28 U.S.C. foll. § 2254 (emphasis added). Thus, unlike the usual civil litigant in federal
26  court, a habeas petitioner is not entitled to discovery "as a matter of ordinary course," <u>Bracy</u>
27  <u>v. Gramley</u>, 520 U.S. 899, 904 (1997); <u>see also</u> <u>Rich v. Calderon</u>, 187 F.3d 1064, 1068 (9th
28  Cir. 1999), and a habeas court should not allow a habeas petitioner "to use federal discovery

1 for fishing expeditions to investigate mere speculation." Calderon v. United States Dist.
2 Court for the Northern Dist. of Cal. (Nicolaus), 98 F.3d 1102, 1106 (9th Cir. 1996); see also
3 Aubut v. State of Maine, 431 F.2d 688, 689 (1st Cir. 1970) ("[h]abeas corpus is not a general
4 form of relief for those who seek to explore their case in search of its existence"). Petitioner
5 has set forth no cause, much less good cause, to allow discovery in this case.[3] Accordingly,
6 this motion will be denied.

**IV.  Warnings**

    **A.  Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **B.  Copies**

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

    **C.  Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

    (1)  Petitioner's Application to Proceed *In Forma Pauperis*, filed with the Petition,

---

[3] Habeas Rule 5(c) requires the respondent to file portions of the record relevant to a petitioner's claims, and can required to file other portions by the Court. Rule 5(c), 28 U.S.C. foll. § 2254.

is **granted**. (Doc.# 3.)

(2) Petitioner's motions are **denied**. (Doc.# 4, 5.)

(3) The Clerk of Court must serve a copy of the Petition (Doc. #1) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(4) Respondents must answer the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. Day v. McDonough, 126 S. Ct. 1675, 1684 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(5) Petitioner may file a reply within 30 days from the date of service of the answer.

(6) This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 2nd day of March, 2009.

_____
David G. Campbell
United States District Judge