```
 1
 2
 3
 4
 5
 6                    IN THE UNITED STATES DISTRICT COURT
 7                        FOR THE DISTRICT OF ARIZONA
 8
   MICHAEL DAVIS,                    )
 9                                   )
           Petitioner,                )
10                                   )
           v.                         )    CIV 09-00296 PHX DGC (MEA)
11                                   )
   CHARLES L. RYAN and                )    REPORT AND RECOMMENDATION
12 ARIZONA ATTORNEY GENERAL,          )
                                     )
13         Respondents.               )
   _____    )
14
15 TO THE HONORABLE DAVID G. CAMPBELL:
16         On or about February 12, 2009, Petitioner filed a *pro*
17 *se* petition seeking a writ of habeas corpus pursuant to 42
18 U.S.C. § 2254.  Respondents filed an answer ("Answer") (Docket
19 No. 18) to the petition on May 12, 2009.  Petitioner filed a
20 reply to the response on May 22, 2009.  See Docket No. 20.[1]
21              **I Procedural History**
22         On July 26, 2006, pursuant to a written plea agreement,
23 the Maricopa County Superior Court accepted Petitioner's plea of
24 guilty to one count of fraudulent schemes and artifices.
25 Answer, Exh. A.  As a result of this guilty plea, on December
26 15, 2006, Petitioner was sentenced to a term of three years
27 ─────────────
28         [1] The pleading at docket number 20 is titled "Appellant's
   Opening Brief" and is the format of an appellate brief.
```

probation. Id., Exh. B.

On or about April 24, 2007, Petitioner's probation officer alleged that he had violated several of the conditions of his probation, including failing to make any payments on ordered restitution, court costs, and fees, the failure to meet with his probation officer, and his arrest resulting from the failure to appear in court as ordered regarding an alleged probation violation in another criminal matter. Id., Exh. C.

At a disposition hearing conducted April 27, 2007, at which hearing Petitioner was represented by counsel, the court informed Petitioner regarding the constitutional rights he would be forfeiting if he admitted he had violated a term of his probation. Id., Exh. E. The state court told Petitioner he had a right to deny the allegation that he had violated his probation and to have an evidentiary hearing on the charges. Id., Exh. E. Petitioner was told that if he admitted a probation violation at that time and was found to be in violation of his probation he could not take a direct appeal of that decision but that he could file a state action for post-conviction relief. Id., Exh. E.

At that stage in the hearing Petitioner indicated he understood the rights he was waiving by admitting that he had violated a term of his probation, i.e., the failure to meet with his probation officer. Id., Exh. E. Petitioner stated he was satisfied with his counsel. Id., Exh. E.

The state trial court accepted Petitioner's admission that he had violated one of the conditions of his probation.

1 Id., Exh. D & Exh. E.  The state trial court revoked
2 Petitioner's probation and imposed the presumptive term of five
3 years imprisonment pursuant to Petitioner's 2006 conviction on
4 one count of fraudulent schemes or artifices.  Id., Exh. D.
5 Petitioner's sentence was to date from April 27, 2007, with
6 credit for 403 days of presentence incarceration.  Id., Exh. D.
7 At that time the state trial court granted a motion to dismiss
8 the allegation that Petitioner had violated other terms of his
9 probation.  Id., Exh. D.

10       A few days later, on May 2, 2007, Petitioner initiated
11 an action for state post-conviction relief pursuant to Rule 32,
12 Arizona Rules of Criminal Procedure.  Id., Exh. F.  Petitioner
13 was represented by counsel in his Rule 32 action.  Id., Exh. F.[2]
14 In his Rule 32 action Petitioner asserted that he was never
15 informed of his right to a separate post-violation hearing at
16 which he could present mitigation evidence before being
17 sentenced.  Id., Exh. G.  Petitioner also alleged his counsel
18 was ineffective because counsel failed to inform him that he had
19 the right to a separate hearing and because counsel did not
20 present evidence at the April 27, 2007 hearing.  Id., Exh. G.

21       The state trial court summarily dismissed the Rule 32
22 action on January 28, 2008.  Id., Exh. H.  Petitioner sought
23 review of this decision by the Arizona Court of Appeals, which
24 denied review on December 29, 2008.  Id., Exh. I & Exh. J.

---

[2] James Harris represented Petitioner during his probation violation proceedings.  Kerrie Droban represented Petitioner in his Rule 32 action.

-3-

Petitioner did not seek review by the Arizona Supreme Court.

In his federal habeas action Petitioner asserts he is entitled to relief because he was not informed that he had a right to a mitigation hearing separate from the hearing to determine if he had violated a term of his probation. Petitioner asserts he never waived his "fundamentally protected due process right to postpone the imposition of sentencing..." until after a mitigation hearing was conducted.

Petitioner also contends he was denied his right to the effective assistance of counsel because his counsel did not inform him of the right to a separate mitigation hearing, because counsel did not "exercise" this right, and because counsel failed to present adequate mitigation evidence.

Respondents assert Petitioner's first claim for relief was not properly exhausted in the state courts as a federal due process claim. Respondents also maintain Petitioner's right to due process of law was not violated. Respondents further argue Petitioner's counsel's performance was not deficient because it is "clear" from the record that counsel had discussed proceeding from the disposition hearing to the sentencing with Petitioner. Respondents also contend any alleged deficiency was not prejudicial because both counsel and Petitioner made the sentencing court aware of the mitigating issues, i.e., Petitioner's mental illness, his childhood in foster care, and his concerns regarding his infant son.

## II Analysis

### A. Exhaustion and procedural default

The District Court may only grant federal habeas relief on the merits of a claim which has been exhausted in the state courts. See O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 2554-55 (1991). To properly exhaust a federal habeas claim, the petitioner must afford the state the opportunity to rule upon the merits of the claim by "fairly presenting" the claim to the state's "highest" court in a procedurally correct manner. See, e.g., Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989); Rose v.Palmateer, 395 F.3d 1108, 1110 (9th Cir. 2005). The Ninth Circuit Court of Appeals has concluded that, in non-capital cases arising in Arizona, the "highest court" test of the exhaustion requirement is satisfied if the habeas petitioner presented his claim to the Arizona Court of Appeals, either on direct appeal or in a petition for post-conviction relief. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999). See also Crowell v. Knowles, 483 F. Supp. 2d 925, 932 (D. Ariz. 2007).

To satisfy the "fair presentment" prong of the exhaustion requirement, the petitioner must present "both the operative facts and the legal principles that control each claim to the state judiciary." Wilson v. Briley, 243 F.3d 325, 327 (7th Cir. 2001). See also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003). In Baldwin v. Reese, the Supreme Court

reiterated that the purpose of exhaustion is to give the states the opportunity to pass upon and correct alleged constitutional errors. See 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004). Therefore, if the petitioner did not present the federal habeas claim to the state court as asserting the violation of a specific federal constitutional right, as opposed to violation of a state constitutional right or state law, the federal habeas claim was not "fairly presented" to the state court. See, e.g., id., 541 U.S. at 33, 124 S. Ct. at 1351; Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2005). See also Lopez v. Schriro, 491 F.3d 1029, 1040 (9th Cir. 2007) ("a petitioner may provide further facts to support a claim in federal district court, so long as those facts do not fundamentally alter the legal claim already considered by the state courts"), cert. denied, 128 S. Ct. 1227 (2008).

For a habeas claim to be considered fairly presented to the state courts as a federal claim, the petitioner must have described both the operative facts and the federal legal theory on which the claim is based to the state courts. See Lounsbury v. Thompson, 374 F.3d 785, 788 (9th Cir. 2004); Kelly, 315 F.3d at 1066. Although a habeas petitioner need not recite "book and verse on the federal constitution" to fairly present a claim to the state courts, Picard v. Connor, 404 U.S. 270, 277-78, 92 S. Ct. 509, 512-13 (1971), they must do more than present the facts necessary to support the federal claim. See Anderson v. Harless, 459 U.S. 4, 6, 103 S. Ct. 276, 277 (1982).

**B. Standard of review regarding exhausted claims**

The Court may not grant a writ of habeas corpus to a state prisoner on a claim adjudicated on the merits in state court proceedings unless the state court reached a decision contrary to clearly established federal law, or one involving an unreasonable application of clearly established federal law, or unless the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding. See 28 U.S.C. § 2254(d) (1994 & Supp. 2008); Carey v. Musladin, 549 U.S. 70, 74-75, 127 S. Ct. 649, 653 (2006); Musladin v. Lamarque, 555 F.3d 834, 838 (9th Cir. 2009).

Factual findings of a state court are presumed to be correct and can be reversed by a federal habeas court only when the federal court is presented with clear and convincing evidence. See Miller-El v. Dretke, 545 U.S. 231, 240, 125 S. Ct. 2317, 2325 (2005); Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041 (2003) (the court must presume that state court's factual findings are correct and may not reverse a state court's factual finding "absent clear and convincing evidence" that the finding is "objectively unreasonable."); Stenson v. Lambert, 504 F.3d 873, 881 (9th Cir. 2007), cert. denied, 129 S. Ct. 247 (2008); Anderson v. Terhune, 467 F.3d 1208, 1212 (9th Cir. 2006); Solis v. Garcia, 219 F.3d 922, 926 (9th Cir. 2000) ("The state court's factual findings are entitled to a presumption of correctness unless the petitioner rebuts the presumption with clear and convincing evidence."). The

-7-

"presumption of correctness is equally applicable when a state appellate court, as opposed to a state trial court, makes the finding of fact." Sumner v. Mata, 455 U.S. 591, 593, 102 S. Ct. 1303, 1304-05 (1982).

A state court decision is contrary to federal law if it applied a rule contradicting the governing law of Supreme Court opinions or if it reaches a different result than a Supreme Court case on the presentation of materially indistinguishable facts. See Williams v. Taylor, 529 U.S. 362, 405-06, 120 S. Ct. 1495, 1519 (2000). If the state court erroneously applied only harmless error review to the Petitioner's claims of constitutional error, the state court's decision is considered contrary to federal law. See Frantz v. Hazey, 533 F.3d 724, 737 (9th Cir. 2008) (en banc).

The state court's decision is an unreasonable application of clearly established federal law only if it can be considered objectively unreasonable. Williams, 529 U.S. at 409, 120 S. Ct. at 1521. United States Supreme Court holdings at the time of the state court's decision are the source of "clearly established federal law" for the purpose of the "unreasonable application" prong of federal habeas review. Id., 529 U.S. at 412, 120 S. Ct. at 1523; Barker v. Fleming, 423 F.3d 1085, 1093 (2005).

**C. Petitioner's claims for relief**

**Procedural due process**

Petitioner asserts that his federal constitutional right to due process of law was violated because he was not

-8-

informed of his right to a separate hearing at which he could present evidence establishing that mitigation of his sentence was appropriate. Respondents contend Petitioner did not properly exhaust this claim in the state courts by fairly presenting it as a claim that Petitioner's federal constitutional right to due process was violated.

It is arguable whether the claim was "fairly presented" to the state courts. The section of Petitioner's state Rule 32 brief discussing this claim, drafted by counsel, briefly mentions the United States Supreme Court's proclamation of the right to due process in probation revocation proceedings and the Arizona rules enacted to ensure this right to due process. However, the claim may be denied on the merits regardless of any failure to fairly present or exhaust the claim.[3]

The United States Supreme Court established minimum due process requirements for parole violation hearings in <u>Morrissey v. Brewer</u>. <u>See</u> 408 U.S. 471, 92 S. Ct. 2593 (1972). The Supreme Court extended these minimal due process protections to probation revocation hearings in <u>Gagnon v. Scarpelli</u>, 411 U.S. 778, 786, 93 S. Ct. 1756, 1761-62 (1973), and <u>Black v. Romano</u>, 471 U.S. 606, 612, 105 S. Ct. 2254, 2258 (1985). Because the revocation of probation is not part of a criminal prosecution, the "full panoply of rights due a defendant in such a proceeding

---

[3] Prior to 1996, the federal courts were required to dismiss a habeas petition which included unexhausted claims for federal habeas relief. However, section 2254 now states: "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2) (1994 & Supp. 2008).

-9-

does not apply..." Morrissey, 408 U.S. at 480, 92 S. Ct. at 2600. In the context of the revocation of probation, the "minimum requirements" of due process consist of written notice of the claimed violations, disclosure of the evidence against the accused, an opportunity to be heard in person and to present witnesses and documentary evidence, the right to confront and cross-examine adverse witnesses, a neutral and detached hearing body, and a written statement by the fact-finders as to the evidence relied on and the reasons for revoking probation. See Gagnon, 411 U.S. at 782-87, 93 S. Ct. at 1760.

Petitioner received written notice and had the opportunity to be heard. The "right" to a separate disposition hearing at which he could present evidence establishing that mitigation of his sentence was appropriate is not one stated in Morrissey or Gagnon. Accordingly, the state court's decision denying Petitioner's due process claim in his state Rule 32 action was not clearly contrary to federal law. Furthermore, Petitioner and his counsel both presented mitigating factors to the sentencing judge prior to sentencing and, accordingly, any failure to hold a separate mitigation hearing was harmless. See United States v. Havier, 155 F.3d 1090, 1092 (9th Cir. 1998).

Additionally, to the extent this habeas claim is predicated on the assertion that Petitioner's right to due process was violated because the state court violated any state rules of criminal procedure, the claim is not a cognizable basis for federal habeas relief. See Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 480 (1991) (holding federal habeas relief

is not available for alleged errors in the interpretation or application of state law); Floyd v. Alexander, 148 F.3d 615, 619 (6th Cir. 1998).

**Ineffective assistance of counsel**

Petitioner also asserts that his counsel for his probation revocation proceedings was ineffective because counsel failed to advise him of his "right" to separate disposition and sentencing hearings. Petitioner further alleges his counsel failed to present any mitigation evidence.

To be entitled to relief on a habeas claim based on the alleged ineffective assistance of counsel, a petitioner must show that his attorney's performance was deficient and that the deficiency prejudiced the petitioner's defense. See Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. The petitioner must overcome the strong presumption that counsel's conduct was within the range of reasonable professional assistance required of attorneys in that circumstance. See id.

To prevail on the merits of a habeas claim of ineffective assistance of counsel, "it is the habeas applicant's burden to show that the state court applied Strickland to the facts of his case in an objectively unreasonable manner. An unreasonable application of federal law is different from an incorrect application of federal law." Woodford v. Visciotti, 537 U.S. 19, 25, 123 S. Ct. 357, 360 (2002) (internal quotations omitted). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's

-11-

challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. Indeed, "strategic choices made after thorough investigation of law and facts relevant to plausible options are *virtually unchallengeable*...." Id., 466 U.S. at 690-91, 104 S. Ct. at 2066 (emphasis added).

Petitioner presents no evidence that counsel's advice to continue from a disposition hearing to a sentencing hearing was incompetent representation or anything but a strategic choice to which he acquiesced. Petitioner has failed to show that his counsel's performance at the hearing fell below objective standards of reasonableness. Furthermore, because both Petitioner and counsel presented the sentencing court with lengthy statements regarding the mitigating circumstances of Petitioner's violation, there is no evidence that any alleged deficiency was prejudicial. Accordingly, the state court's decision denying this claim in Petitioner's Rule 32 proceedings is not clearly contrary to federal law.

**III Conclusion**

Petitioner's claims that his probation revocation proceedings and ensuing sentence of incarceration must be reversed based on violations of his federal constitutional rights may be denied on the merits of those claims.

**IT IS THEREFORE RECOMMENDED** that Mr. Davis' Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

-12-

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 18th day of June, 2009.

_____
Mark E. Aspey
United States Magistrate Judge

-13-