**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Davis, | No. CV-09-0296-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Charles L. Ryan; Arizona Attorney General, | |
| Defendants. | |

Petitioner filed a petition for writ of habeas corpus pursuant to 42 U.S.C. § 2254 claiming ineffective assistance of counsel and that he was not informed he had a right to a mitigation hearing separate from the hearing to determine if he had violated a term of his probation. Dkt. #1 at 6-7. Magistrate Judge Mark E. Aspey issued a Report and Recommendation ("R&R"), recommending that the petition be denied with prejudice. Dkt. #28. Petitioner has filed objections to the R&R. Dkt. #32. For the reasons that follow, the Court will accept Judge Aspey's recommendation and deny the petition.

**I.      Background.**

On July 26, 2006, Petitioner plead guilty to one count of fraudulent schemes and artifices and was sentenced to three years probation. Dkt. #28 at 1-2. On April 27, 2007, Petitioner admitted that he had violated a term of his probation and was sentenced to the presumptive term of five years imprisonment. *Id.* at 2-3. On May 2, 2007, Petitioner initiated an action for state post-conviction relief pursuant to Rule 32 of the Arizona Rules

of Criminal Procedure. *Id.* at 3. Petitioner was represented by new counsel in the Rule 32 action and asserted that he was never informed of his right to a separate post-violation hearing at which he could present mitigation evidence. He argued that his previous counsel was ineffective for failing to inform him of the right and for failing to present evidence at the April 27, 2007 hearing. *Id.* The state trial court summarily dismissed the Rule 32 action on January 28, 2008 and the Arizona Court of Appeals denied review on December 29, 2008. *Id.*

The R&R recommended that the petition be denied. Dkt. #28 at 12. Judge Aspey first noted that it is arguable whether Petitioner fairly presented to the state court his claim that a federal constitutional right to due process was violated when Petitioner was not informed of his right to a separate mitigation hearing. *Id.* at 9. Judge Aspey found that the claim should be denied on the merits in any event. *Id.*; 28 U.S.C. §2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

Judge Aspey held that, in the context of probation revocation, Petitioner was entitled to the minimum due process rights of written notice of the claimed violations, disclosure of evidence against him, an opportunity to be heard in person and to present witnesses and documentary evidence, the right to confront and cross-examine adverse witnesses, a neutral and detached hearing body, and a written statement by the fact-finders as to the evidence relied on and the reasons for revoking probation. Dkt. #28 at 10 (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782-87 (1973); *Morissey v. Brewer*, 408 U.S. 471, 480 (1972)). Judge Aspey found that a separate disposition hearing for the presentation of mitigation evidence is not a federal due process right and, therefore, that the state court decision denying Petitioner's due process claim was not clearly contrary to federal law as required for habeas relief. Dkt. #28 at 10. Judge Aspey also held that to the extent Petitioner complains that the state violated a state rule of criminal procedure, the claim does not state a cognizable basis for federal habeas relief. *Id.* (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)).

1. Judge Aspey also recommended the denial of Petitioner's ineffective assistance of counsel claim. To prevail on this claim, Petitioner must demonstrate that his counsel's performance was deficient and that the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Judge Aspey found no evidence that his counsel's advice to continue from a disposition hearing to a sentencing hearing was a deficient, rather than a strategic, choice. Dkt. #28 at 12. Nor was there evidence that this decision prejudiced Petitioner because both Petitioner and his counsel presented the sentencing court with lengthy statements regarding the mitigating circumstances of Petitioner's violation. *Id.* Judge Aspey found that the state court's decision denying Petitioner's claim is not clearly contrary to federal law. *Id.*

**II.    Legal standard.**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the Court may not grant habeas relief unless Petitioner has exhausted his claims in state court, there is an absence of available state corrective process to exhaust the claim, or circumstances exist which render the state process ineffective to protect Petitioner's rights. 28 U.S.C. § 2254(b)(1). Nor may the Court grant habeas relief unless the state's adjudication of the claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d)(1); *see Baldwin v. Reese*, 541 U.S. 27, 27 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999). "The Supreme Court has said that § 2254(d)(1) imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state court decisions be given the benefit of the doubt.'" *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)).

A party may file specific, written objections to an R&R within ten days after being served with a copy the R&R. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court

must undertake a de novo review of those portions of the R&R to which specific objections are made. *See id.*; *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *See* 28 U.S.C. § 636(b)(1).

**III.  Analysis.**

Plaintiff first objects to Judge Aspey's statement that Petitioner said during his probation revocation hearing that he was satisfied with his counsel. Dkt. #32 at 2. Because Petitioner's alleged statement does not change the analysis in this case, the Court will proceed under the assumption that Petitioner never said he was satisfied with counsel.

Petitioner also disagrees that his counsel presented mitigation evidence. *Id.* The transcript of the disposition hearing reveals, however, that both Petitioner and his counsel presented significant mitigation evidence to the sentencing court. Dkt. #18-1 at 18-37. Petitioner's counsel noted that Petitioner was trying to seek help for his mental health problems including bi-polar disorder, and detailed Petitioner's struggle to find work, the fact that Petitioner grew up in foster care, and Petitioner's concern for his young son who was in the care of Child Protective Services. *Id.* at 27-29. In addition, Petitioner told the court directly that he had an extensive drug history, that he would lose both custody of his son as well as his job if sentenced to prison, and that he could not afford the medication he needs while in prison. *Id.* at 29-33.

Petitioner alleges that counsel's performance was deficient because he failed to gather character letters and did not inform the court that Petitioner had hepatitis C. Dkt. #32 at 2. Petitioner fails to demonstrate, however, that he was prejudiced by this omission. Petitioner does not state who would have written these letters, not does he identify information they would have contained that was different from the information Petitioner provided at the hearing. Moreover, Petitioner has not shown how his hepatitis C would have changed the disposition of this matter. In short, Petitioner has not shown that there is a "reasonable

- 4 -

1 probability" that the proceedings would have been different but for counsel's alleged
2 omissions. *See Strickland*, 466 U.S. at 686-87.

3 Petitioner argues that the Arizona Rules of Criminal Procedure are guidelines
4 fulfilling the federal due process requirements, and that these rules provide for a separate
5 disposition hearing. Dkt. #32 at 5-6. But Petitioner cites no authority for the proposition that
6 the Arizona Rules of Criminal Procedure represent the minimal due process guarantees for
7 probation revocation hearings. In actuality, a violation of a state rule of criminal procedure
8 cannot be the basis for federal habeas relief. *See Estelle*, 502 U.S. at 67-68. Petitioner does
9 not object to Judge Aspey's finding that a separate mitigation hearing is not one of the
10 minimal due process protections guaranteed in probation revocation hearings.

11 Petitioner disagrees with Judge Aspey's conclusion that he may not have exhausted
12 his claims. Dkt. #32 at 4. Because Judge Aspey recommended that the petition should be
13 denied on the merits, an recommendation with which this Court agrees, the Court need not
14 address exhaustion.

15 **IV. Appointment of counsel.**

16 Petitioner has filed a motion for appointment of counsel. Dkt. #30. There is no
17 constitutional right to appointed counsel in a civil case. *See Ivey v. Bd. of Regents of Univ.*
18 *of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). The Court, however, does have the discretion
19 to appoint counsel in "exceptional circumstances." *See* 28 U.S.C. § 1915(e)(1); *Wilborn v.*
20 *Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089, 1093
21 (9th Cir. 1980). "A finding of exceptional circumstances requires an evaluation of both 'the
22 likelihood of success on the merits and the ability of the petitioner to articulate his or her
23 claim *pro se* in light of the complexity of the legal issues involved.'" *Wilborn*, 789 F.2d at
24 1331(quoting *Weygant v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see Richards v. Harper*,
25 864 F.2d 85, 87 (9th Cir. 1988). "Neither of these factors is dispositive and both must be
26 viewed together before reaching a decision on request of counsel" under section 1915(e)(1).
27 *Wilborn*, 789 F.2d at 1331.

28

1  Having considered both factors, the Court finds that Plaintiff has not demonstrated a likelihood of success on the merits or that any difficulty he is experiencing in attempting to litigate his case is due to the complexity of the issues involved. While Plaintiff has pointed to difficulties that he is experiencing in accessing materials for legal research, such difficulties do not make his case exceptional. In addition, as determined above, Petitioner cannot succeed on the merits of his petition. Accordingly, at the present time, this case does not present "exceptional circumstances" requiring the appointment of counsel.

**IT IS ORDERED:**

1. Petitioner's petition for writ of habeas corpus (Dkt. #1) is **denied**.
2. Petitioner's motion for appointment of counsel (Dkt. #30) is **denied**.
3. The clerk is directed to terminate this action.

DATED this 12th day of August, 2009.

_____
David G. Campbell
United States District Judge